Upon review of the competent evidence of record with reference to the errors assigned, and finding no good grounds to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the award, except with minor modifications, the Full Commission AFFIRMS and ADOPTS the Opinion and Award of the Deputy Commissioner.
At the oral arguments before the Full Commission, plaintiff moved the Commission to reopen the record to receive into evidence plaintiffs Exhibit 1, a report from the Statesville Police Department dated May 4, 1999 concerning the alleged theft of tires from plaintiffs car. Defendant was given an opportunity to review the exhibit and by letter dated April 17, 2001, objected to the admission of plaintiffs Exhibit 1 into the record. Plaintiffs motion to reopen the record for submission of the additional exhibit is DENIED.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties as:
 STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers Compensation Act.
2. An employment relationship existed between plaintiff and defendant-employer at all relevant times herein.
3. Defendant was a duly qualified self-insured at all times relevant herein with Hewitt-Coleman Associates acting as defendants third party administrator.
4. The date of plaintiffs alleged injury is May 3, 1999.
5. The parties stipulated to plaintiffs medical records from Miller Orthopedic Clinic, LabCorp, Concord Urgent Care, Rowan Memorial Hospital and Tuttle Family Practice.
6. The parties stipulated to Industrial Commission Forms 18, 19, 33, 33R and 61.
7. The parties stipulated to Defendants First Request for Interrogatories and Request for Production, Plaintiffs Supplemental Answers to Defendants First Set of Interrogatories and Request for Production, Employment Security Commission Discharge Fact Finding Report and Notice of Claim and Request for Separate Information, Defendants Policy on Leave of Absence, Defendants Employee Profile of Plaintiff, Notices of Termination of Plaintiff, an Affidavit from Kay H. Alexander of the Kannapolis Police Department, newspaper article from Independent Tribune in Kannapolis/Concord dated May 9, 1999 and other documents.
8. The issues presented are:
 a) Whether plaintiff sustained an injury by accident arising out of the course of his employment with defendant or as a direct result of a specific traumatic incident of the work assigned on May 3, 1999?
 b) Whether plaintiff is entitled to any benefits under the North Carolina Workers Compensation Act?
 ***********
The Full Commission adopts the findings of fact found by the Deputy Commissioner with some modifications and finds as follows:
 FINDINGS OF FACT
1. At the time of the hearing before the Deputy Commissioner, plaintiff was 38 years old and unemployed.
2. Plaintiff began working for defendant-employer in 1996 as a regrader operator. Plaintiffs duties included lifting 50 70 pound rolls of fabric.
3. At the hearing before the Deputy Commissioner, plaintiff testified that late in the day on May 3, 1999, he began to feel tension in his back and he reported to his supervisor, Keith Allen, that he felt ill. Plaintiff completed his shift and went home.
4. Plaintiff further testified that he awoke on May 4, 1999 with increased pain and tightness in his back. Plaintiff reported this back pain to Mr. Allen on May 4, 1999 and informed Mr. Allen of his medical appointment on that date.
5. Mr. Allen testified at the hearing that on May 3, 1999 at about 10:30 a.m. and again at about 4:30 p.m., plaintiff reported not feeling well; however, plaintiff never mentioned any back problems or back pain.
6. On May 4, 1999, plaintiff presented to Rowan Family Physicians complaining of low back pain and pain radiating down his right leg. He reported that his pain began on May 4, 1999. Plaintiff was written out of work through May 10, 1999.
7. Plaintiff called Mr. Allen regarding the medical recommendation to stay out of work. Mr. Allen urged plaintiff to speak with Linda Lockhart, defendants Human Resource Manager. Ms. Lockhart took plaintiffs report of the May 3, 1999 incident and requested that he present to Dr. Winegardner for treatment.
8. Plaintiff presented to Dr. Winegardner on May 7, 1999 complaining of a strain in his lower back. Dr. Winegardner diagnosed plaintiff with a low back strain and initially wrote plaintiff out of work until May 10, 1999. However, after speaking with Mr. Allen in plaintiffs presence and after Mr. Allen stated that defendant could accommodate plaintiff by providing light duty work, Dr. Winegardner changed her note to reflect that plaintiff could return to work on light duty. Mr. Allen testified that Dr. Winegardner then gave both him and plaintiff a copy of the note enabling plaintiff to return to work for defendant on light duty.
9. Plaintiff presented to Dr. Paul Brezicki, family practitioner, on May 10, 1999. Dr. Brezicki examined plaintiff, diagnosed low back sprain and wrote plaintiff out of work until May 15, 1999. After plaintiff left, Dr. Brezicki had a telephone conversation with Ms. Lockhart and changed the work release note, releasing plaintiff for light duty on May 12, 1999 with no lifting more than 15 pounds and no repeated forward bending. Plaintiff was not informed of this change in Dr. Brezickis work release status. Dr. Brezicki recommended that plaintiff return for a re-check on May 15, 1999, but plaintiff failed to return.
10. Plaintiff failed to return to work for defendant. Defendant terminated plaintiff for absenteeism.
11. Dr. Brezicki opined that plaintiffs prognosis for a complete recovery was excellent and that his possibility of permanent impairment was "extremely unlikely. Dr. Brezicki also stated that in light of his "total knowledge of plaintiff plus his notes and recollection "its quite possible that plaintiff was "demonstrating symptom magnification.
12. After having the opportunity to observe all the witnesses at the hearing, the Deputy Commissioner gave greater weight to the testimony of defendants witnesses. The Full Commission declines to reverse the credibility determination of the Deputy Commissioner.
13. The competent evidence in the record fails to establish that plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant or as a result of a specific traumatic incident of the work assigned to him on May 3, 1999. Plaintiffs symptoms are not causally related to any injury by accident on May 3, 1999.
 ***********
Based upon the findings of fact and conclusions of law, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. Plaintiff did not sustain an injury by accident or specific traumatic incident arising out of and in the course of his employment with defendant on May 3, 1999. N.C. GEN. STAT. 97-2(6).
2. Plaintiff failed to carry the burden of proof to establish that he injured himself at work. Since plaintiff failed to carry his burden of proof in this case, he is not entitled to benefits under the North Carolina Workers Compensation Act. Id.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 ORDER
1. Plaintiffs claim is and under the law must be DENIED.
2. Each side shall pay its own costs, except that defendant shall pay an expert witness fee of $155.00 to Dr. Brezicki.
This the ___ day of April 2001.
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
 S/______________ RENE C. RIGGSBEE COMMISSIONER
 S/_______________ DIANNE C. SELLERS COMMISSIONER
LKM/mhb